UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIO LEE BROWN,

       Petitioner,

v.                                          CASE NO. 8:14-cv-44-T-27AAS
                                         CRIM. CASE NO. 8:09-cr-557-T-27AAS

UNITED STATES OF AMERICA,

       Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence
pursuant to 28 U.S.C. § 2255 (cv Dkt. 1). The Government opposes the motion (cv Dkt. 6), to which
Petitioner replied (cv Dkt. 16) and submitted supplemental argument (cv Dkts. 25, 29, 30, 31, 32).
Upon review, Petitioner's Section 2255 motion is DENIED.

## BACKGROUND

Petitioner was charged by Information with felon in possession of a firearm in violation of
18 U.S.C. §§ 922(g) and 924(e) (cr Dkt. 3). He pleaded guilty (cr Dkts. 62, 89). He was sentenced
as an armed career criminal to 216 months, followed by a 60 month term of supervised release (cr
Dkts. 75, 90). His conviction and sentence were affirmed (cr Dkt. 93).

Petitioner raises four grounds for relief:

1. Counsel was ineffective in failing to fully investigate whether Petitioner's prior drug
convictions qualified as serious drug offenses under 18 U.S.C. § 924(e)(1);

2. Counsel was ineffective in failing to argue that the four-level enhancement he received
under § 2K2.1(b)(6)(B) for using a firearm in connection with a crime of violence was an element

of the offense that should have been found by a jury;

3. Petitioner notifies the court that he is currently challenging his prior state convictions, in state court, to preserve the right to challenge his enhanced sentence as an armed career criminal; and

4. Counsel was ineffective in failing to seek a downward departure for diminished mental capacity.

### Standard of Review for Ineffective Assistance of Counsel Claims

*Strickland v. Washington*, 466 U.S. 668 (1984), governs Petitioner's ineffective assistance of counsel claims:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697; *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Counsel's challenged conduct is viewed as of the time of counsel's conduct. *Id. Strickland* requires that "in light of all the circumstances, that the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Petitioner must demonstrate that counsel's alleged error prejudiced him. *Strickland*, 466 U.S. at 691-92. To meet this burden, he must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694-95. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

## DISCUSSION

### Ground One

Petitioner contends that counsel was ineffective in failing to argue that his prior state drug convictions could not be used as predicates for his armed career criminal designation because they were not "serious drug offenses" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).

Under the ACCA, a defendant (like Petitioner) convicted under 18 U.S.C. § 922(g), is subject to a mandatory minimum 15-year sentence if he has three previous federal or state convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The ACCA defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance. . .for which a maximum term of imprisonment of ten years or more is prescribed by law[.]" 18 U.S.C. § 924(e)(2)(A)(ii).

In Petitioner's presentence investigation report (PSR), the probation officer relied on the following drug convictions as serious drug offenses under ACCA.[1]

> Sale of Cocaine in Pinellas County Circuit Court, Case No. 92-CF-12119, a serious drug offense, sentenced on September 23, 1992,

---

[1] The probation officer also relied on a prior conviction for robbery, a "violent felony," in determining the ACCA applied (PSR, p. 7, ¶ 31).

3

Sale of Cocaine (Date of Offense May 12, 1994) in Pinellas County Circuit Court, Case No. 94-CF-12595, a serious drug offense, sentenced on September 8, 1994,

Sale of Cocaine (Date of Offense May 13, 1994) in Pinellas County Circuit Court, Case No. 94-CF-12595, a serious drug offense, sentenced on September 8, 1994, and

Possession of Cocaine with Intent to Sell in Pinellas County Circuit Court, Case No. 04-CF-2218, a serious drug offense, sentenced on September 8, 2004.

(PSR, p. 7, ¶ 31).

Petitioner contends that § 893.13(1)(a) of the Florida Statutes,[2] under which he was convicted in each case, establishes different maximum sentences for different drug quantities. He contends that under that statute, the maximum sentence for distributing less than 28 grams of cocaine is five years in prison, and that his prior convictions for the sale of cocaine involved less than 28 grams. He argues that those convictions do not qualify as "serious drug offenses" under the ACCA.

Petitioner's contention is without merit. In 1992, 1994, and 2004, § 893.13(1)(a)(1), Fla. Stat., provided that any person who sells or possesses with the intent to sell cocaine commits a second-degree felony. The Judgments in Petitioner's prior cases show that he was convicted of second-degree felonies (cv Dkt. 15, Exhibits A-C). Second-degree felonies were (and continue to be) punishable by up to fifteen years in prison. See § 775.082(3)(c), Fla. Stat.. The prior convictions therefore qualify as "serious drug offenses" under the ACCA. *See United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014) (holding that a conviction under § 893.13(1), Fla. Stat., is a "serious drug offense" under the ACCA); *United States v. Moss*, 592 Fed. Appx. 914, 916 (11th Cir. 2015) (unpublished) ("Defendant's argument that his § 893.13(1)(a) conviction for possessing cocaine with the intent to sell or deliver is not a 'serious drug offense' under the ACCA is squarely foreclosed by

---

[2] Section 893.13(1)(a) provides, in pertinent part, that it is "unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance. . . ."

this Court's recent precedent.") (citing *Smith*, 775 F.3d 1262).[3]

In his supplemental memorandum (cv Dkt. 30), Petitioner argues that his state drug convictions do not qualify as "serious drug offenses" under the ACCA because under Florida's sentencing guidelines scheme, the maximum sentence he could have received for each offense was less than ten years (Id., pp. 6-11). He contends that the top of his state guidelines range was therefore the "maximum legal sentence," rather than the statutory maximum. Petitioner's contention is without merit.

For purposes of 18 U.S.C. § 924(e), it is the "maximum term of imprisonment" for a conviction that determines whether the conviction is a "serious drug offense," not the guidelines or the actual sentence imposed. *See McCarthy v. United States*, 135 F.3d 754 (11th Cir. 1998) (rejecting argument that the language of § 924(e)(2)(A)(ii)-"maximum term of imprisonment of ten years"-refers to the high end of the presumptive sentencing range of the Florida sentencing guidelines, and holding that the language refers to "the statutory maximum sentence"). *See also United States v. Parry*, 479 F.3d 722, 724-25 (9th Cir. 2007) (rejecting argument that the state sentencing guidelines maximum of 90 months for drug offense controls rather than maximum sentence prescribed by state statute for purposes of ACCA predicate offense) (citing *United States v. Murillo*, 422 F.3d 1152, 1154 (9th Cir. 2005)("[T]he maximum sentence is the statutory maximum sentence for the offense, not the maximum sentence available in the particular case under the [state] sentencing guidelines.")). Because Petitioner's predicate drug offenses carried a statutory maximum term of fifteen years under § 775.082(3)(c), Fla. Stat., they qualified as "serious drug offenses" under

---

[3]The court finds no support for Petitioner's contention that § 893.13(1)(a)(1), Fla. Stat., specifies a five-year maximum sentence for selling 28 grams or less of cocaine.

§ 924(e).

Finally, Petitioner contends that his prior drug convictions under § 893.13(1)(a), are not "serious drug offenses" under the ACCA because the statute does not require proof that a defendant knew the illicit nature of the substance, whereas the analogous federal law, 21 U.S.C. § 841(a)(1), requires knowledge (see cv Dkts. 16, 29, 30). Petitioner's contention is foreclosed by *United States v. Smith*, 775 F.3d at 1268, which stated that the definition of "serious drug offense" in § 924(e) does not require knowledge of the illicit nature of the controlled substance as an element of the prior state crime, holding, in pertinent part, that "Section 893.13(1) of the Florida Statutes is. . .a 'serious drug offense'" under § 924(e)(2)(A). *See also United States v. Cobb*, 842 F.3d 1213, 1223 (11th Cir. 2016) ("[Defendant's] argument that his conviction for possession of cocaine with intent to sell or deliver under Florida Statute § 893.13(1) does not qualify as a serious drug offense is foreclosed by *United States v. Smith*, 775 F.3d 1262, 1264-68 (11th Cir. 2014).").

Because Petitioner's prior drug convictions qualified as "serious drug offenses" under the ACCA, counsel was not ineffective in failing to challenge his armed career criminal enhancement. An attorney is not ineffective in failing to raise a meritless claim. *See Freeman v. Attorney General, State of Florida*, 536 F.3d 1225 (11th Cir. 2008) (*citing Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001)). Even assuming that counsel should have challenged the armed career criminal designation, Petitioner was not prejudiced by any alleged deficient performance. Ground One therefore does not warrant relief.

**Ground Two**

Petitioner contends that counsel was ineffective in failing to object to the four-point enhancement for using or possessing a firearm in connection with another felony offense under

6

U.S.S.G. §2K2.1(b)(6)(B).[4] He contends that counsel should have objected on the basis that the enhancement violated his Sixth Amendment rights because the Indictment did not allege elements of the enhancement and the enhancement was not submitted to the jury. In support, he relies on *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013). *Alleyne* held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.*

In Petitioner's case, the facts supporting the enhancement under USSG § 2K2.1(b)(6)(B) did not increase the mandatory minimum sentence. Rather, Petitioner faced a mandatory minimum sentence of 15 years because of his status as an armed career criminal under the ACCA,18 U.S.C. § 924(e)(1) (PSR, p. 26, ¶ 120). Moreover, *Alleyne* has no application to judicial factfinding which only determines a defendant's offense level under the sentencing guidelines. *United States v. Charles*, 757 F.3d 1222, 1225 (11th Cir. 2014) (after *Alleyne*, a " district court may continue to make guidelines calculations based upon judicial fact findings and may enhance a sentence—so long as its findings do not increase the statutory maximum or minimum authorized by facts determined in a guilty plea or jury verdict."). Accordingly, counsel was not ineffective in failing to argue that the facts used to enhance Petitioner's sentence under the sentencing guidelines should have been presented to the jury. As noted, an attorney is not ineffective in failing to raise a meritless claim. *See Freeman v. Attorney General, State of Florida, supra.* And Petitioner demonstrates no prejudice from counsel's alleged deficient performance. Ground Two therefore does not warrant relief.

---

[4]Section 2K2.1(b)(6)(B) of the United States Sentencing Guidelines provides that "if the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent or reason to believe that it would be used or possessed in connection with another felony offense," the court shall increase the defendant's offense level by four. Pursuant to § 2K2.1(b)(6)(B), the court applied a four-level enhancement for possessing a firearm in connection with another felony offense (PSR, p.6, § 23; cr Dkt. 90, pp. 32-34).

**Ground Three**

"Ground Three" does not assert a claim for relief. Rather, Petitioner merely provides notice that he is challenging in state court the prior state court convictions used to enhance his federal sentence, and requests to "reserve" his "right to challenge" his enhanced sentence if and when the convictions are vacated.

Ground Three states no basis for relief under § 2255. Moreover, in his reply, Petitioner represents that the state court proceedings have "been dismissed," and withdraws Ground Three (cv Dkt. 16, p. 6). Accordingly, Ground Three warrants no relief.

**Ground Four**

Petitioner contends that counsel was ineffective in failing to seek a downward departure under U.S.S.G. § 5K2.13 based on diminished mental capacity. He asserts that there is "overwhelming" evidence that he "has suffered severe metal illness his entire adult life." (cv Dkt. 2, p. 15). Specifically, he maintains that counsel should have placed "his entire mental health history" on the record because it would have shown that he was battling schizophrenia, hallucinations, and substance abuse prior to and at the time he committed the offense.

Section 5K2.13 (2011) provides:

A downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. Similarly, if a departure is warranted under this policy statement, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.

However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; (3) the defendant's criminal history indicates a need to incarcerate

8

the defendant to protect the public; or (4) the defendant has been convicted of an offense under chapter 71, 109A, 110, or 117, of title 18, United States Code.

Petitioner provides no evidence establishing that he was suffering from a significantly reduced mental capacity *that contributed substantially to the commission of the offense*. None of the medical reports on which he relies indicate that he could not understand the wrongfulness of his conduct or control his behavior at the time of the offense (cv Dkt. 2-1). Nor do the reports demonstrate the required connection between his claimed diminished mental capacity and his crimes (Id.). Since Petitioner fails to show that he would have been eligible for a § 5K2.13 downward departure, he cannot show counsel was ineffective in failing to move for the departure, or if deficient, he was prejudiced by counsel's failure.

Even if Petitioner could show that he suffered from reduced mental capacity that contributed substantially to the commission of the offense, he cannot show that counsel was ineffective in failing to move for a departure. The evidence demonstrates conclusively that counsel made an informed strategic decision, with his client's agreement, not to seek a downward departure based on diminished mental capacity.

In his affidavit, Petitioner's former defense counsel avers that although he and Petitioner discussed moving for a downward departure under §5K2.13, they agreed it was not appropriate (cv Dkt. 15-4, p. 6).[5] Counsel explains that the departure was inappropriate because there was evidence that Petitioner: 1) was under the influence of marijuana at the time of the offense, 2) shot an assault rifle at pedestrians, and 3) had an extensive criminal history (Id.). In his reply, Petitioner does not

---

[5] Although in his affidavit, Petitioner avers that he requested that counsel argue for a downward departure based on diminished mental capacity (cv Dkt. 17, p. 2), he does not dispute that he and counsel discussed the matter and agreed that the departure was not appropriate.

9

dispute any of that.[6] I find that counsel's decision was therefore a strategic one, which was not patently unreasonable, considering those facts.[7]

To prevail on this claim, Petitioner must demonstrate that counsel's decision "fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 668. The alleged error must be shown to have been so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 691. A strong presumption arises that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. at 2065. Petitioner must overcome that presumption that under the circumstances, counsel's decision might be considered sound strategy. He has not. *See United States v. Nelson*, 609 Fed. Appx. 559, 577 (11th Cir. 2015) (unpublished) ("This Court has held that if a defendant committed a violent crime, the defendant is not eligible for a § 5K2.13 diminished-capacity departure.") (citing *United States v. Salemi*, 26 F.3d 1084, 1087 (11th Cir. 1994)).

Petitioner has failed to demonstrate that no competent attorney would not have pursued a Section 5K2.13 departure under the circumstances. *See Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc) (to establish deficient performance, a petitioner must show that "no competent counsel would have taken the action that his counsel did take."). Ground Four therefore does not warrant relief.

Accordingly, Petitioner's motion to vacate (Dkt. 1) is **DENIED**. The Clerk is directed to

---

[6]Petitioner's extensive criminal history—which placed him in Criminal History Category VI (see PSR, p. 26, ¶ 21), the highest possible category—clearly indicated a need to incarcerate him to protect the public.

[7]Although counsel did not move for a downward departure based on diminished mental capacity, he requested a downward variance under 18 U.S.C. § 3553(a) based in part on Petitioner's mental health history (cr Dkt. 90, pp. 35-40), and the court considered his mental health history before imposing the sentence (Id., p. 42).

enter judgment against Petitioner and close this case.

## CERTIFICATE OF APPEALABILITY ("COA")

Petitioner is not entitled to a COA. He has no absolute entitlement to appeal the denial of his motion. 28 U.S.C. § 2253(c)(l). Rather, a COA must first issue. Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).  To make that showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Drake*, 542 U .S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner cannot make the requisite showing. And because he is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** on March _____9ᵗʰ_____, 2017.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
*Pro Se* Petitioner
Counsel of Record