UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARIO LEE BROWN,**

    Petitioner,

v.                                 CASE NO. 8:14-cv-44-T-27AAS
                                  CRIM. CASE NO. 8:09-cr-557-T-27AAS

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** are Petitioner's (1) "Motion Pursuant to Rule 60(B)(6), Fed.R.Civ.P. To re-open 28 U.S.C. § 2255 Final Judgment" (Dkt. 54) and (2) "Motion Pursuant to Rule 60(B)(6), Fed.R.Civ.P. To re-open 59(e) Motion, pursuant to Fed.R.Civ.P. Final Judgment" (Dkt. 55). The motions are DENIED.

### Procedural History

Petitioner was charged by Information with felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e) (cr Dkt. 3). He pleaded guilty (cr Dkts. 62, 89), and was sentenced as an armed career criminal to 216 months, followed by a 60 month term of supervised release (cr Dkts. 75, 90). His conviction and sentence were affirmed (cr Dkt. 93).

Petitioner moved to vacate his conviction under 28 U.S.C. § 2255. His Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (cv Dkt. 1) was denied and Judgment entered against him on March 10, 2017 (Dkts. 33, 34). His "Motion for Reconsideration Pursuant to Rule 59(e) of the Fed.R.Civ.P." was likewise denied, after briefing by the parties (Dkt. 42). Both this court and the Eleventh Circuit Court of Appeals denied a certificate of appealability (Dkts. 51,

52). Certiorari was denied by the United States Supreme Court (Dkt. 53).

**Rule 60(b)**

A Rule 60(b) motion may not raise a new claim for relief and may not attack the post-conviction court's prior resolution of a claim on the merits. *See Pease v. United States*, No. 16-17103, 2019 WL 1568407, at *1 (11th Cir. Apr. 11, 2019). The application of Rule 60(b) in a habeas context has been succinctly summarized:

> Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Rule 60(b)(6), the particular provision under which petitioner brought his motion, permits reopening when the movant shows "any ... reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules 60(b)(1)-(5).

*Gonzalez v. Crosby*, 545 U.S. 524, 528–29 (2005).

Under Rule 60(b)(60, Petitioner must show "extraordinary circumstances" justifying the reopening of his § 2255 motion. *Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014); *Gonzalez*, 545 U.S. at 536. Judicial error, however, does not constitute an extraordinary circumstance. *Id.* Notwithstanding, a Rule 60(b) motion may be properly used to assert that a prior erroneous ruling precluded a merits determination. *Gonzalez*, 545 U.S. at 532 n.4; *see Caison v. Sec'y, Dep't of Corr.*, No. 18-11562, 2019 WL 1219943, at *3 (11th Cir. Mar. 14, 2019).

Having considered Petitioner's motions and arguments, I find that relief under Rule 60(b) is not available. The underlying Judgment is not void, and no exceptional or extraordinary circumstances warrant reopening the § 2255 motion.

### (Dkt. 54) "Motion Pursuant to Rule 60(B)(6), Fed.R.Civ.P. To re-open 28 U.S.C. § 2255 Final Judgment"

In summary, Petitioner's Rule 60(b) motion reargues claims which were previously denied by this court, and raises a new claim. He mistakenly contends that certain of his claims were ignored or misconstrued. Apparently anticipating that his motion would likely be construed as merely rearguing the merits of his § 2255 motion, he uses boilerplate language in an attempt to avoid dismissal, stating that his "argument does not attack the District Court's merit determination, but rather challenges the integrity of this court's judgement [sic] and failure to reach the merit."[1] This attempt to circumvent the limited purpose of a Rule 60(b) motion is unavailing.

**Failure to address the merits**

Petitioner first contends that the district court failed to address all of the claims he raised in his § 2255 motion to vacate, citing *Clisby v. Jones,* 960 F.2d 925 (11th Cir. 1992). Contrary to this contention, the order denying his § 2255 motion addressed the merits of each ground raised in that motion, as required by *Clisby.*

Petitioner next claims that his counsel failed to challenge his prior controlled substance convictions. But, as acknowledged by the Eleventh Circuit Court of Appeals in denying a COA, he raised this claim as Ground One in his § 2255 motion (Counsel was ineffective in failing to fully investigate whether Petitioner's prior drug convictions qualified as serious drug offenses under 18 U.S.C. § 924(e)(1)) (*see* § 2255 motion and supporting memorandum, Dkt. 1, Ground

---

[1] "A Rule 60(b) motion in a § 2254 case that asserts or reasserts no claim but instead attacks 'some defect in the integrity of the federal habeas proceedings' is not barred." *Gilbert v. United States,* 640 F.3d 1293, 1323 (11th Cir. 2011) (quoting *Gonzalez,* 545 U.S. at 532).

One at 5; Dkt. 2 at 6 - 10).

Finally, Petitioner mistakenly contends that the district court misconstrued and/or ignored his Sixth Amendment claim, and failed to reach the merits (Dkt. 54 at 4). He reargues that his prior Florida controlled substance offenses do not qualify as serious drug offenses. (Id. at 5, 8). The order denying his § 2255 motion addressed the merits of his ineffective assistance claim (Dkt. 33 at 3- 6). And the Eleventh Circuit Court of Appeals determined that his counsel was not ineffective in failing to challenge his prior controlled substance convictions because those convictions "are ACCA predicate convictions." (Dkt. 52 at 2-3).

In sum, Petitioner merely reargues the merits of Ground One of his § 2255 motion, which is not a proper function of a Rule 60(b) motion.

**The new claim**

Petitioner next contends, without explanation, that his counsel "coerced Petitioner with unintelligent and objectively unreasonable advice, concerning his 924(e) enhancement." (Dkt. 54 at 10). As noted, Petitioner pleaded guilty. To the extent he challenges counsel's pre-plea advice, or that counsel's erroneous advice undermined the knowing and voluntary nature of his guilty plea, this is a <u>new</u> claim. To this extent, therefore, the motion constitutes a successive habeas petition, and Petitioner must seek leave to file it from the Eleventh Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see Williams v. United States*, 360 F. App'x 34, 36 (11th Cir. 2010) (where a Rule 60(b) motion seeks to add a new ground for relief or attacks a federal court's previous resolution of a claim on the merits, it constitutes a habeas

corpus claim) (citing *Gonzalez*, 545 U.S. at 532).

**Failure to consider, ignore or misconstrue**

Finally, with respect to Petitioner's contention that the court failed to consider, ignored, or misconstrued his various supplements, affidavits and arguments in denying his § 2255 motion, he is, again, mistaken. Indeed, that is essentially the same argument he made in his motion for reconsideration (Dkt. 35 at 1)("Here, the court committed a clear error of law when it failed to consider several 'motions requesting leave to supplement and/or amend . . ."). As this court noted in its order denying reconsideration, Petitioner's Motion Requesting Leave to Reply Motion "merely seeks to reargue matters previously addressed." (Dkt. 42 n.1). And his contention that his several supplements were not considered was likewise mistaken.[2]

### (Dkt. 55) "Motion Pursuant to Rule 60(b)(6), Fed.R.Civ.P. To re-open 59(e) Motion, pursuant to Fed.R.Civ.P. Final Judgment"

In this motion, Petitioner, under Rule 60(b), seeks to reopen his Motion for Reconsideration (Dkt. 33), which was denied after the parties submitted briefs (Dkt. 42). Petitioner contends that the order denying his motion failed to address "all dispositive matters," and the court "simply ignored and/or misconstrued movants [sic] claim . . . [f]ailing to resolve and reach the merit" (Dkt. 55 at 7). Once again, he is mistaken. The order denying his motion for

---

[2] The order denying reconsideration stated:

> First, he contends that it was clear error to fail to consider his "several" motions requesting leave to supplement and/or amend his § 2255 motion to vacate. This contention does not warrant reconsideration because his four supplements were expressly considered. Moreover, they merely repeated the same arguments he made earlier, with some variation in theory. Indeed, his first "Request to Supplement" his § 2255 motion (Dkt. 25) was granted. His argument in that supplement, as well as in his subsequent requests, addressed the same issue, whether his prior Florida drug convictions constituted serious drug offenses under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1).

(Dkt. 42 at 2).

reconsideration comprehensively addressed each of his contentions in the context of the available grounds for reconsideration (Dkt. 42).

## Conclusion

Having considered Petitioner's motions and arguments, I find that relief under Rule 60(b) is not available. The underlying Judgment is not void, and no exceptional or extraordinary circumstances warrant reopening his Motion for reconsideration of the denial of his § 2255 motion.

## CERTIFICATE OF APPEALABILITY ("COA")

A COA is "required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a § 2254 or § 2255 proceeding." *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 851 F.3d 1158, 1169 (11th Cir. 2017), *cert. denied sub nom. Lambrix v. Jones*, 138 S. Ct. 217 (2017). Petitioner is not entitled to a COA.

"A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). And when a habeas petition is denied on procedural grounds, without reaching the underlying constitutional claim, a COA should issue when the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, when a COA application concerns a procedural ruling, the required showing must include both the procedural issue and the constitutional issue. *Id.*

"At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists

could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017), quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Jurists of reason would not debate that Petitioner should be denied relief under Rule 60(b)(6). Specifically, the determination that Rule 60(b)(6) affords no relief is not reasonably debatable.

**DONE AND ORDERED** on April 23rd, 2019.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Petitioner, counsel of record